## No. 3340.

### (Court of Appeal, Parish of Orleans.)

## MRS. JEANNE M. TOLSON vs. JOHN LABAT AND CHARLES R. KENNEDY, Constable, in Solido.

Appeal from Civil District Court, Division "B."

P. L. Fourchy, for Plaintiff and Appellee.

E. Laizer, for Defendant and Appellant.

This case involves questions of fact only and concerns the claim of a third person to the ownership of property seized under execution of a judgment against another. The asserted owner had acquired by purchase from the judgment debtor and she successfully maintained the venty and bona fides of her acquisition.

MOORE, J. In execution of a judgment which she had obtained against Mr. and Mrs. A. M. Aucoin in the First City Court of New Orleans, Mrs. A. Delbarty, wife of John Labat, caused to be seized as the property of Aucoin, certain movable effects situated in said city.

Mrs. Jennie M. Casey, divorced wife of Charles T. Tolson, claiming to be the owner of the seized property by virtue of a purchase thereof from Aucoin, thereupon sued out and obtained from the Civil District Court of the Parish of Orleans, a writ of injunction restraining the said Mrs. Labat and the Constable of the City Court from proceeding further under the writ and prayed for damages against Mrs. Labat in the sum of $1,000.00 for the illegal seizure.

The constable was eliminated from the case, as he had obtained from the judgment creditor a bond of indemnity under the law and, indorsing it, had duly transferred it to the claimant of the property seized.

The answer of Mrs. Labat is practically a general denial; she denies that any valid sale was made by Aucoin to Mrs. Tolson;

that there was no consideration for the sale; that it is " a fraud, sham and not legal" and was made simply to defraud the defendant.

There was judgment in favor of the plaintiff perpetuating the injunction with $100.00 damages and defendant appeals.

It appears from the testimony that the plaintiff is a niece of Mrs. A. M. Aucoin, and that she and her minor child and the Aucoins all live together; that on the 16th day of January, 1901, the Aucoins, by notarial act, conveyed to her certain household furniture, fully enumerated in the act of sale, for the price and sum of $500.00, (this being the property which was subsequently seized under Mrs. Labat's writ against the Aucoins); that there was no ostensible change of possession, the furniture being used by all the household in common; that the recital in the act of sale that the consideration named was then and there "paid in cash" is not true; but it is, however, conclusively established that Aucoin was truly indebted unto Mrs. Tolson in the sum of $500.00, actual cash borrowed from her on the 13th of October, 1900; that the true consideration of the sale was this sum so borrowed; that the transaction was real and bona fide; that all the parties to the transaction regarded and still regard Mrs. Tolson as the owner of the property and that it is as actually in her possession, considering the fact that they all live together and use the effects in common, as it can well be; the stipulation being that the Aucoin's were to have the common use of the property free of charge only so long as Mrs. Tolson continues to reside with them.

It is contended by the appellant that the $500.00 which Mrs. Tolson claimed that she loaned Aucoin was in ready money belonging to her minor child, and which is legally supposed to be in the custody and possession of Aucoin, whom, it is claimed, was the child's tutor; that hence if Aucoin was a debtor to anyone for

352

that sum it was not to Mrs. Tolson, but to her minor child, to whom the sale was not made.

There was some confusion in the early stage of the trial in reference to this money and to the tutorship of the child, which, however, was soon cleared up by the lower judge's examination of the witnesses. It then developed that if Aucoin was the child's tutor *ad hoc*, which is exceedingly doubtful, his appointment was made in the State of Mississippi; but when or by whom or in what proceedings (when at least one of the child's parents is alive and the other is not shown to be dead), or what his powers and functions are as such tutor, the record is silent.

So also was it made manifest that whatever be the source or the authority of Aucoin's so-called tutorship, the minor had no legal interest in or claim to this fund or any part of it. It is shown that it came direct to Mrs. Tolson as her interest in the estate of her deceased father and mother and was transmitted to her through a lawyer in Macon, Miss., in which State the successions were opened and administered.

The amount received by her was originally about $1,000.00. She chose to regard a portion of that sum as belonging to her child. She intended it for her and had it in bank to be used for the child. Legally, however, it was not the child's, and, pretermitting all question as to the assumed and so-called tutorship of Aucoin, the latter never could have legally demanded that fund from Mrs. Tolson as that of the minor.

Our esteemed brother of the lower court has tried this case twice, it having been once remanded by us in order to have the defendant's husband made a party. On both occasions he reached the same conclusion, and as his judgment is fully warranted by the law and the evidence it will be affirmed.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and is hereby affirmed.

May 29th, 1805.

Rehearing refused, June 26th, 1905.

Writ refused by Supreme Court, September 5th, 1905.